FILED
CLERK, U.S. DISTRICT COURT

4/2/2021

CENTRAL DISTRICT OF CALIFORNIA
BY: _____LM_____ DEPUTY

John Brosnan
3680 Wilshire Boulevard
Suite P0 -1313
Los Angeles, CA 90010
johnbrosnanlegal@gmail.com

sum fee paid
no rel

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN BROSNAN,<br><br>Plaintiff,<br><br>v.<br><br>CONTEXTLOGIC INC. DBA WISH.COM, DOES 1 - 9,<br><br>Defendant. | Case No.  2:21-cv-02912 JFW (AFMx)<br><br>COMPLAINT |

### COMPLAINT AND DEMAND FOR JURY TRIAL

1.  Plaintiff brings this Complaint against Defendant related to the sale of energy storage devices (ESD) that Defendant advertised and sold to Plaintiff wherein Defendant claimed that the ESDs sold to Plaintiff were of a certain energy capacity but in fact the ESDs did not have the energy capacity claimed by Defendant.

### II.  PARTIES

2.  Plantiff JOHN BROSNAN ("Plaintiff"), is a California resident.

3.  Defendant CONTEXTLOGIC INC. DBA WISH.COM (Defendant), is a Delaware corporation with an agent for service of process named CSC - Lawyers Incorporating Service at 2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA 95833. Defendant operates a website located at http://wish.com where Defendant sells ESDs to the public.

4. Plaintiff is informed and believes, and thereon alleges, that each of the Defendant was, at all times herein mentioned, the agent, employee, partner and/or representative of one or more of the remaining Defendant and was acting within the course and scope of such relationship. Plaintiff is further informed and believes that each of the Defendant herein gave consent to, ratified and authorized the acts alleged herein to each of the remaining Defendant.

5. The true names and capacities of Defendant named herein as Does 1 through 9, inclusive, whether individual, corporate, associate or otherwise are unknown to Plaintiff, who therefore sues said Defendant by fictitious names pursuant to California Code of Civil Procedure section 474. Plaintiff will amend this Complaint to show such true names and capacities of Does 1 through 9, inclusive, when they have been determined.

### III. JURISDICTION AND VENUE

6. This Court has diversity jurisdiction pursuant to 28 U.S.C. §1332 (a) because the parties are citizens of different states.

7. Venue is appropriate in the United States District Court pursuant to 28 U.S.C. §1391 (b) because a substantial part of the events giving rise to the claims alleged herein occurred in this judicial district.

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1367, which gives the district court supplemental jurisdiction over state law claims.

### IV. FACTUAL ALLEGATIONS

9. Defendant operates a website wherein energy storage devices (ESD) are sold.

10. Defendant advertised ESDs for sale with a rated capacity of 900,000 mah.

11.

12. The abreviation mah stands for Mili Amp Hours and is a standard rating given to batteries to inform a consumer the energy capacity of an ESD.

13. ESDs are more commonly known as batteries.

14. On October 3, 2020 Plaintiff purchased ESDs from Defendant (Exhibit 1). Said ESDs shall hereafter be refrred to as WishESDs.

15. After Plaintiff received the WishESDs Plaintiff discovered that the WishESDs do not

1  have the energy capacity that was advertised by Defendant.

2      16.    Plaintiff contacted Defendant and asked that the WishESDs be replaced with ESDs that
3  were of the advertised rated capacity.

4      17.    Defendant refuses to replace the WishESDs with ESDs that have the advertised capacity.

5      18.    Defendant knew the WishESDs did have the advertised energy capacity.

6      19.    Defendant knowingly sold the WishESDs to Plaintiff with the intent to defraud Plaintiff.

7      20.    Defendant sold WishESDs to other parties.

8      21.    Defendant has sold WishESDs to other members of the public.

9      22.    Defendant refuses to replace the the WishESD with ESDs that have the energy capacity
10  that was advertised.

11      23.    Defendant has defrauded Plaintiff

12      24.    Defendant has defrauded many members of the public.

13  <center>**FIRST CAUSE OF ACTION**</center>

14  <center>**Fraud**</center>

15  <center>**Defendant**</center>

16      25.    Plaintiff hereby incorporates by reference all paragraphs stated above.

17      26.    Defendant advertised the WishESDs as having an energy capacity of 900,000 mah while
18  knowing that the WishESDs did not have a 900,000 mah energy capacity.

19      27.    Defendant sold the WishESDs to Plaintiff with the intent to defraud Plaintiff.

20      28.    Defendant refuses to replace the WishESDs with ESDs that have a 900,000 mah capacity.

21      29.    Plaintiff prays for judgment against Defendant, as more fully set forth below.

22  <center>**SECOND CAUSE OF ACTION**</center>

23  <center>**Deceit**</center>

24  <center>**Defendant**</center>

25      30.    Plaintiff hereby incorporates by reference all paragraphs stated above.

26      31.    Defendant advertised the WishESDs as having an energy capacity of 900,000 mah while
27  knowing that the WishESDs did not have a 900 mah energy capacity.

28      32.    Defendant sold the WishESDs to Plaintiff with the intent to defraud Plaintiff.

33. Defendant refuses to replace the WishESDs with 900,000 mah ESDs.
34. Plaintiff prays for judgment against Defendant, as more fully set forth below.

### THIRD CAUSE OF ACTION

**Tort of Another**

**Defendant**

35. Plaintiff hereby incorporates by reference all paragraphs stated above.
36. Defendant was untruthful regarding the capacity of the Wish ESDs when selling the Wish ESDs to Plaintiff.
37. The tortious conduct of Defendant, forced Plaintiff to incur the cost of pursuing this action.
38. The Tort of Another doctrine, is found in the Restatement of Torts and allows for the recovery of reasonable compensation for attorney's fees incurred as damages proximately caused by another party's improper actions. (Rest. 2d Torts §914(2)). (Prentice v. North Amer. Title Guar. Corp. (1963) 59 Cal.2d 618,620-21).
39. But for the illegal actions of Defendant, Plaintiff would not have brought this action.
40. Plaintiff prays for judgment against Defendant, as more fully set forth below.

### FOURTH CAUSE OF ACTION

**Breach of Contract**

**Defendant**

41. Plaintiff hereby incorporates by reference all paragraphs stated above.
42. Defendant falsely advertised the WishESDs as having a 900,000 mah capacity.
43. Defendant refuses to replace the WishESDs with 900,000 mah ESDs.
44. Defendant offered to sell the WishESDs to Plaintiff in exchange for payment (Offer).
45. Plaintiff accepted the Offer of Defendant and paid the requested money (Contract).
46. Defendant did not provide to Plaintiff the ESDs that Plaintiff paid for.
47. Defendant has not performed pursuant to the Contract.
48. Plaintiff prays for judgment against Defendant, as more fully set forth below.

//
//

//

## FIFTH CAUSE OF ACTION

### Personal Injury

49. Plaintiff hereby incorporates by reference all paragraphs stated above.

50. Plaintiff has been injured by the actions of Defendant.

51. Plaintiff prays for judgment against Defendant, as more fully set forth below.

## SIXTH CAUSE OF ACTION

### Unjust Enrichment

### Defendant

52. Plaintiff hereby incorporates by reference all paragraphs stated above.

53. Defendant advertised the WishESDs as having a 900,000 mah capacity.

54. The WishESDs do not have a 900,000 mah capacity..

55. Defendant has unjustly enriched Defendant at the expense of Plaintiff.

56. Plaintiff prays for judgment against Defendant, as more fully set forth below.

## SEVENTH CAUSE OF ACTION

### Civil Conspiracy

### Defendants

57. Plaintiff hereby incorporates by reference all paragraphs stated above.s

58. Defendant, and each of them, knowingly and willfully conspired and agreed amongst themselves to engage in unfair and illegal business practice of advertising and selling WishESDs to unsuspecting consumers when Defendant falsely advertised the WishESDs. Defendant' harmed Plaintiff through Defendant's false advertsing.

59. Tort law and criminal law treat conspiracy in a fundamentally different manner. To begin with, the object contemplated by a criminal conspiracy is a crime, and that of a civil conspiracy is a tort.  In criminal law, the act of conspiring is a crime unto itself, regardless of whether the object of the conspiracy is actually effectuated.  See Penal Code § 182, which includes no requirement of carrying out such object crime.  In contrast, under tort law, conspiracy is only actionable when its object is effectuated—and damages the plaintiff.  Absent commission of the underlying tort, civil

conspiracy is not a cause of action.

60. The California Supreme Court in Applied Equipment Corp. v. Litton Saudi Arabia Ltd. (1994) 7 Cal.4th 503@510-511 [28 Cal.Rptr.2d 475] stated:

> Standing alone, a conspiracy does no harm and engenders no tort liability. It must be activated by the commission of an actual tort. "'A civil conspiracy, however atrocious, does not per se give rise to a cause of action unless a civil wrong has been committed resulting in damage.' ... We have summarized the elements and significance of a civil conspiracy: ""The elements of an action for civil conspiracy are the formation and operation of the conspiracy and damage resulting to plaintiff from an act or acts done in furtherance of the common design...'"

61. The Supreme Court established that civil conspiracy can be a cause of action when the underlying tort takes place and damages a plaintiff.

62. Plaintiff has plead the elements of civil conspiracy, and in fact, in preparing the Complaint, relied upon Applied Equipment Corp. v. Litton Saudi Arabia Ltd., supra, as Plaintiff's authority for its elements, which are two: (a) "the formation and operation of the conspiracy," and (b) "damage resulting to plaintiff from an act or acts done in furtherance of the common design."

63. Plaintiff prays for judgment against Defendant, as more fully set forth below.

## EIGHTH CAUSE OF ACTION

### WIRE FRAUD

**Defendants**

64. Plaintiff hereby incorporates by reference all paragraphs stated above.

65. 18 U.S. Code § 1343 states:

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be fined under this title or imprisoned not more than 20 years, or both. If the violation occurs in relation to, or involving any benefit authorized, transported, transmitted, transferred, disbursed, or paid in connection with, a presidentially declared major disaster or emergency (as those terms are defined in section 102 of the Robert T. Stafford Disaster Relief and Emergency Assistance Act (42 U.S.C. 5122)), or affects a financial institution, such person shall be fined not more than $1,000,000 or imprisoned not more than 30 years, or both.

66. Defendant conspired with each other to defraud plaintiff by their actions.

1  67.  Plaintiff prays for judgment against Defendant, as more fully set forth below.

## NINTH CAUSE OF ACTION

## SPECIFIC PERFORMANCE

**Defendant**

68.  Plaintiff hereby incorporates by reference all paragraphs stated above.

69.  Plaintiff asks that the court order Defendant to perform per the Contract.

70.  Plaintiff asks that Defendant be Ordered to provide Plaintiff with 20 ESDs with an actual capacity of 900,000 mah.

71.  Plaintiff prays for judgment against Defendant, as more fully set forth below.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

//

Plaintiff, on behalf of himself, requests the following relief:

1. Damages in the amount of no less than $25,000,000;
2. A Declaration that Defendant' actions, as set forth herein, are unconscionable and force Defendant to return all benefits gained, profits received, etc. from its deceptive marketing and sale of ESDs so as to make full restitution to Plaintiff and other consumers;
3. Declaring that Defendant be responsible for actually providing true and acurate mah ratings on all batteries;
4. Enjoining Defendant from engaging in further negligent, deceptive, unfair, and unlawful practices alleged herein;
5. Awarding injunctive and equitable relief as necessary to protect the interests of Plaintiff and other consumers;
6. An Order from the Court that orders Defendant to perform per the Contract;
7. Awarding actual compensatory and any other damages the Court sees fit;
8. Awarding reasonable attorneys' fees, costs, and other litigation expenses;
9. Awarding punitive damages;
10. Awarding pre- and post-judgment interest, as allowable by law; and
11. Awarding such further and other relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all claims in this Class Action Complaint so triable.

DATED: April 2, 2021            *John Brosnan*

                                John Brosnan

EXHIBIT 1



EXHIBIT 1